UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELISSA AMMIRATI,

        Plaintiff,

-vs-                              Case No. 2:09-cv-496-FtM-29SPC

LUTHER SERVICES FLORIDA, INC. a Florida
Non-Profit Corporation,

        Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. #22) filed on December 29, 2009. On December 16, 2009, the Parties filed an Unopposed Motion to Approve Settlement Via Telephone Conference (Doc. #19), indicating a settlement had been reached. The parties agreed to the confidentiality terms of the settlement and wish to have these terms remain confidential. The Plaintiff also filed a Motion for Clarification indicating the necessity to file Counsel's billing records with the settlement documents was no longer a requirement based upon the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1].

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach. See Order Doc. # 27.

The Court was well aware of the Bonetti decision and only requested counsel to file their billing records because the initial Motion did not give the Court any indication that the attorney's fees were settled independently of the Plaintiff's claim. On December 21, 2009, the Court granted the Plaintiff's request to the extent the parties could submit their Settlement Agreement for *in camera* review and in compliance with Bonetti. The parties have now re-filed their Joint Motion for Approval of Proposed Settlement and Dismissal with Prejudice (Doc. #22), in compliance with Bonetti, and submitted the Settlement Agreement for *in camera* review by the Court. Therefore, the Motion for Approval of Settlement is now ripe for review.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."

In the Joint Motion for Approval submitted by the Parties, (Doc. # 22), the Parties provide that a settlement of a bona fide good faith dispute was negotiated and is deemed fair and reasonable. Further ,the parties settled the issue of attorney's fees independent of the Plaintiff's claim and in seriatim, consistent with Bonetti. The Court, having thoroughly reviewed the settlement documentation, concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. #22) should be **GRANTED**. It is further respectfully recommended, the settlement agreement should be **APPROVED** by the District Court and the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this   31st   day of December, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record